O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3553 AHM (FMOx) | Date | August 5, 2010 |
|---|---|---|---|
| Title | STEVEN J. STANWYCK v. AMERICAN HOME ASSURANCE & NATIONAL UNION FIRE INS. CO., *et al*. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:                Attorneys **NOT** Present for Defendants:

**Proceedings:**            IN CHAMBERS (No Proceedings Held)

      This action, filed on May 12, 2010, is the most recent in a long line of specious cases commenced by Plaintiff Steven J. Stanwyck ("Plaintiff"), a former attorney whom the State Bar has placed in inactive status and recommended be disbarred, in part because of his engagement in "frivolous and abusive litigation tactics for nearly two decades." *In the Matter of Steven J. Stanwyck*, 02-O-10226 (Decision at 27), attached as Exh. A to Kopple and Klinger's Notice of Filing By Vexatious Litigant.  The First Amended Complaint ("FAC"), filed on June 28, 2010, names over seventy-five defendants, including Plaintiff's former spouse, daughter, insurance companies, partnerships, limited liability companies, corporations, and other parties who allegedly have been involved in Plaintiff's estate planning and financial affairs.[1]

      Numerous Defendants have filed four separate Notices of Filing By Vexatious Litigant Subject to a Prefiling Order (hereinafter "Notice") pursuant to Cal. Code of Civil Proc. § 391.7.  *See* Dkt. Nos. 11 (filed June 7, 2010); 22 (filed June 10, 2010); 64 (filed July 12, 2010); and 98 (filed July 28, 2010).[2]   That provision, which is made applicable

---

    [1] The FAC, which is largely incomprehensible, fails to meet the basic pleading requirements of Rule 8(a) and would thus clearly be subject to dismissal under Rule 12(b)(6).

    [2] The Court GRANTS each Request for Judicial Notice submitted in connection with these Notices.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3553 AHM (FMOx) | Date | August 5, 2010 |
|---|---|---|---|
| Title | STEVEN J. STANWYCK v. AMERICAN HOME ASSURANCE & NATIONAL UNION FIRE INS. CO., *et al*. | | |

in this Court through Local Rule 83-8.4,[3] prohibits a *pro se* plaintiff who has been deemed a vexatious litigant from filing any new litigation without "first obtaining leave of the presiding judge where the litigation is proposed to be filed." "If the clerk mistakenly files the litigation" of a vexatious litigant without first obtaining leave of the presiding judge, "any party may file with the clerk and serve on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order . . ." *Id*. Defendants request that the case be dismissed unless, within ten days from when they filed their Notice, Plaintiff obtains an order from the presiding judge permitting the filing and continuation of this litigation. As Defendants note, Plaintiff has been declared a vexatious litigant in at least five other cases: (1) *United Computer Systems and Steven Stanwyck v. William C. Vickery et al.*, San Francisco County Superior Court Case No. 400264; (2) *Steven Stanwyck and United Computer Systems v. Raoul Felder et al.*, Los Angeles County Superior Case No. BC 254633; (3) *Steven J. Stanwyck v. Mark A. Beilinson et al.*, USDC Case No. CV 01-7749 GAF; (4) *United Computer Systems v. AT&T Corp. et al.*, USDC Case No. CV 1640 RSWL; and (5) *Pine Associates, Inc., et al. v. Chase Mortgage Holdings, Inc.*, et al., USDC Case No. CV 05-00845 JFW.[4] Plaintiff's name is included on the "Vexatious Litigant List" published by the California state

---

[3] Rule 83-8.4 provides: "Although nothing in this rule shall be construed to require that such a procedure be followed, the Court may, at its discretion, proceed by reference to the Vexatious Litigants statute of the State of California, Cal. Code Civ. Proc. §§ 391 - 391.7."

[4] In each of these federal cases, the district court was affirmed by the Ninth Circuit. In *Pine Associates*, the Ninth Circuit affirmed Judge Walter's dismissal of an action filed by Stanwyck and his related corporation. The Ninth Circuit explained:

> Stanwyck, and his related corporations, have been designated as vexatious litigants by four state and federal courts. He failed to respond to the Notice of Filing By Vexatious Litigant Subject to Prefiling Order or contest the propriety of the designation in the district court. The issue is therefore waived. Accordingly, the district court did not abuse its discretion in dismissing the action.

*Pine Associates, Inc. v. Chase Mortg. Holdings, Inc.*, 234 Fed. Appx. 697 (9th Cir. 2007).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3553 AHM (FMOx) | Date | August 5, 2010 |
|---|---|---|---|
| Title | STEVEN J. STANWYCK v. AMERICAN HOME ASSURANCE & NATIONAL UNION FIRE INS. CO., *et al*. | | |

Judicial Council.  *See* AIG's Notice (Dkt. No. 64), Exh. H; Kopple and Klinger's Notice (Dkt. No. 98), Exh. H.

     Thus, having been previously designated a vexatious litigant, Plaintiff is subject to a pre-filing requirement.  Plaintiff has failed to seek the "presiding [Chief] Judge['s]" permission to allow this action to continue, nor has he responded to the Notices filed by Defendants.  Accordingly, the Court DISMISSES the action with prejudice.  All pending motions are DENIED as moot.[5]

|  | : |  |
|---|---|---|
| Initials of Preparer | | SMO |

**JS-6**

---

[5] Docket Nos. 58, 65, 67, 70, 75, 91, 93, 99-100, 104-05, 114-116, 121.